**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 10-22398-CIV Ungaro/Simonton**

GRACIELA PALACIOS, on her own behalf
and others similarly situated,

          Plaintiff,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS INC., a Foreign Profit
Corporation,

          Defendant.

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S
MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

      Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") respectfully submits the following Memorandum of Law in support of its Motion For Judgment On The Pleadings.  Plaintiff's class allegations are barred pursuant to the valid and binding Separation Agreement and General Release executed by Plaintiff and Boehringer and should therefore be dismissed.

**INTRODUCTION**

      The pleadings demonstrate that on November 2, 2009, Plaintiff and Boehringer executed a valid and binding Separation Agreement and General Release ("Agreement").  In executing the Agreement, Plaintiff waived her right to become a member of a class in any action against Boehringer relating to her employment.  On October 13, 2010, in spite of this contractual agreement, Plaintiff filed this Amended Complaint against Boehringer, which she purports to

bring on behalf of herself and a class of similarly situated individuals.  The Agreement between Plaintiff and Boehringer is a valid and binding contract.  The contract is neither procedurally nor substantively unconscionable, and courts in this circuit routinely uphold class action waivers. Accordingly, Boehringer brings this motion to enforce the express provisions of the Agreement and respectfully requests that this Court grant this motion for judgment on the pleadings and dismiss Plaintiff's class allegations.

**FACTUAL AND PROCEDURAL BACKGROUND**

Boehringer employed Plaintiff as a Pharmaceutical Sales Representative from approximately July 2003 through August 2009.[1]  *See* Amended Complaint ("Am. Compl.") at ¶¶ 15, 17.  On or about November 2, 2009, Plaintiff entered into the Agreement upon termination of her employment.  *See* Answer to Amended Complaint ("Answer") at First Defense; *see also* Exhibit A to Answer.  The Agreement contains a general release of all claims, as well as an affirmation that Plaintiff has been paid all wages to which she may be entitled.  *Id*.  The Agreement also contains a class action waiver.  *Id*.  The Agreement states, in pertinent part:

> Employee further waives and gives up any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against the Company that are related in any way to Employee's employment or the termination of Employee's employment with the Company.  If, without Employee's prior knowledge and consent, Employee is made a member of a class in any proceeding, Employee agrees to opt out of the class at the first opportunity.

*Id*.

In addition, the Agreement contains a "Governing Law and Interpretation" clause that states that the Agreement "shall be governed and conformed in accordance with the laws of the state of Connecticut."  *Id*.

---

[1]   Boehringer maintains that Plaintiff was employed through October 31, 2009, as evidenced by the Agreement at ¶ 1.  This is not a critical fact for purposes of this motion.

On October 13, 2010, Plaintiff filed her Amended Complaint.  The Amended Complaint asserts a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Section 16(b) of the FLSA authorizes a plaintiff to bring a claim against an employer for the denial of overtime compensation on behalf of herself and any "other employees similarly situated."  29 U.S.C. § 216(b).  Thus, Plaintiff purports to bring her Complaint "on her own behalf and others similarly situated."  Am. Compl. Introductory Paragraph.  While the majority of Plaintiff's factual allegations are specific to Plaintiff, she does refer to "additional persons who may become plaintiffs in this action . . . who held similar positions to Plaintiff."  Am. Compl. ¶ 10.  Count I alleges that Boehringer misclassified Plaintiff and similarly situated current and former employees as exempt under the FLSA and therefore owes them overtime pay for all hours worked in excess of forty hours per workweek.  Am. Compl. ¶¶ 20-29.

**ARGUMENT**

I.   **THIS COURT MAY RULE ON THE ISSUE OF THE CONTRACTUAL CLASS ACTION WAIVER ON A MOTION FOR JUDGMENT ON THE PLEADINGS**

A.   **Applicable Legal Standard For A Motion For Judgment On The Pleadings**

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard for addressing a Rule 12(c) motion is the same as that for a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Dell, Inc. v. 3K Computers, LLC*, 2008 U.S. Dist. LEXIS 108398 (S.D. Fla. Oct. 6, 2008).  Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim when the opposing party demonstrates that the claim "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

In deciding a Rule 12(c) motion for judgment on the pleadings, "all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion is to be

3

granted only if the moving party is nevertheless entitled to judgment as a matter of law." *Dell, Inc.* 2008 U.S. Dist. LEXIS 108398 (citing *Moore v. Liberty Nat'l Life Ins. Co*., 267 F.3d 1209, 1213 (11th Cir. 2001); *Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1370 (11th Cir. 1998).

> **B.      This Court May Consider The Agreement In Ruling On A Motion For Judgment On The Pleadings**

Federal Rule of Civil Procedure 7(a) defines "pleadings" to include both the complaint and the answer.  Fed. R. Civ. P. 7(a).  It is therefore proper for a defendant to move for judgment on the pleadings based on the defendant's answer to the plaintiff's complaint.  *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (affirming the grant of defendant's motion for judgment on the pleadings based on facts contained in defendant's answer).  Moreover, the Eleventh Circuit has explicitly held that the court can consider attachments to the answer in deciding a motion for judgment on the pleadings.  *Id*. at 1134-35.  The *Horsley* court recognized that if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.  *Id*. at 1134.  However, the *Horsley* court relied on Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Fed. R. Civ. P. 10(c).  The court stated "[i]t would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment."  *Horsley* 304 F.3d at 1134.  Here, the Agreement, a written instrument attached to Boehringer's Answer as Exhibit A, is part of the pleadings.  Accordingly, the Court can consider the Agreement in ruling on Boehringer's motion for judgment on the pleadings.

Moreover, courts routinely address the issue of contractual class action waivers at the pleadings stage. *See, e.g.*, *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359 (11th Cir. 2005) (affirming, *inter alia*, granting of defendant's motion to dismiss based on class action waiver in case involving FLSA and discrimination claims); *La Torre v. BFS Retail & Commercial Operations, LLC*, 2008 U.S. Dist. LEXIS 99002 (S.D. Fla. Dec. 8, 2008) (granting defendant's motion to dismiss based on class action waiver); *Pomposi v. GameStop*, Inc., 2010 U.S. Dist. LEXIS 1819 (D. Conn. Jan. 11, 2010) (enforcing class action waiver and dismissing FLSA collective action on defendant's motion to dismiss). While these cases considered class action waivers on motions to dismiss, the standard for addressing a motion for judgment on the pleadings is identical to that for a motion to dismiss for failure to state a claim. *Dell, Inc.*, 2008 U.S. Dist. LEXIS 108398. Thus, it is appropriate for this Court to consider the Agreement at this stage of the proceedings.

II.   **THE VALID AND BINDING AGREEMENT BETWEEN PLAINTIFF AND BOEHRINGER PREVENTS PLAINTIFF FROM REPRESENTING A CLASS IN THIS ACTION**

   A.   **The Class Action Waiver Is A Valid Contract Under Connecticut Law**

The parties agreed that the Agreement shall be governed by Connecticut state law. Because the enforceability of a class action waiver depends on state contract law, Connecticut law will govern whether the class action waiver at issue is enforceable. *See Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 877 (11th Cir. 2005) (analyzing the validity of a class action waiver under state law). Under Connecticut law, contracts are enforceable unless they are voidable for reasons such as procedurally or substantively unconscionable. *See Tortora v. Olson*, 2007 Conn. Super. LEXIS 42 (Conn. Super. Ct. Jan. 8, 2007). Here, the Agreement is neither procedurally not substantively unconscionable, and is instead a valid and enforceable contract.

### 1.    The Class Action Waiver Is Not Procedurally Unconscionable

The U.S. District Court for the District of Connecticut recently enforced a class action waiver contained in an alternative dispute resolution policy and dismissed an FLSA collective action, leaving the lead plaintiff to pursue his individual claims in arbitration.  *Pomposi*, 2010 U.S. Dist. LEXIS 1819.  The waiver at issue prohibited employees from being "entitled to a recovery from a class, collective or representative action."  *Id*. at *33-34.  In March 2009, the plaintiff in that case filed a collective action on behalf of himself and others similarly situated who, plaintiff alleged, were improperly classified as exempt by defendant-employer, and therefore unlawfully denied overtime compensation in violation of the FLSA.  *Id*. at *1.  The defendant moved to dismiss the action and to compel arbitration of the FLSA claims pursuant to an arbitration agreement that included a class action waiver.  *Id*. at *1-2.  The court held that the plaintiff executed a valid agreement, rejecting plaintiff's contention that the class action waiver provision rendered the agreement procedurally unconscionable.  *Id*. at *24-34.

Procedural unconscionability "is implicated by bargaining improprieties in the contract formation process."  *Id*. (citing *Emlee Equip. and Leasing Corp. v. Waterbury Transmission, Inc*., 31 Conn. App. 455, 463 n.12 (1993)).  In *Pomposi*, the plaintiff claimed that the agreement was procedurally unconscionable because it was presented to him on a "take it or leave it" basis, allowing him no opportunity to negotiate the terms of the agreement, and that he lacked the sophistication to protect his rights.  *Id*. at *25.  The court rejected the plaintiff's arguments because: (1) the plaintiff offered no evidence that he was coerced into entering the agreement; (2) the plaintiff was able to read and to review the agreement and understood that it outlined the procedure for dealing with employment disputes; and (3) the terms of the agreement were neither

hidden nor deceptive.  *Id*. at *26-27.  The class action waiver was conspicuous and clear.  *Id* at *27.

Here, like the agreement in *Pomposi*, the Agreement contains a waiver whereby Plaintiff waived her right to become a member of a class in a case in which claims are asserted against Boehringer that are related to Plaintiff's employment.  Plaintiff can offer no evidence that she was coerced into entering the Agreement.  She was sufficiently capable of reviewing the Agreement, was given 45 days to review the Agreement, and was advised to consult with an attorney prior to signing the Agreement.  *See* Exhibit A to Answer at 9.  Like the agreement in *Pomposi*, the class action waiver is neither hidden nor deceptive, and instead is both conspicuous and clear.  Accordingly, the Agreement's class action waiver is not procedurally unconscionable.

### 2.      The Class Action Waiver Is Not Substantively Unconscionable

Substantive unconscionability "is implicated by overly harsh contract terms."  *Id.* (citing *Emlee Equip. and Leasing Corp*, 31 Conn. App. at 463 n.12).  The *Pomposi* court rejected the plaintiff's contention that the class action waiver was substantively unconscionable.  *Id* at *32.  The court pointed out that other courts that have addressed this issue have held FLSA collective action waivers to be enforceable.  *Id*. at *33 (citing *Adkins v. Labor Ready, Inc*., 303 F.3d 496, 503 (4th Cir. 2002); *Carter v. Countrywide Credit Indus., Inc*., 362 F.3d 294, 298 (5th Cir. 2004); *Horenstein v. Mortgage Market., Inc*., 9 Fed. Appx. 618, 619 (9th Cir. 2001); *Caley*, 428 F.3d at 1378).  The *Pomposi* court also rejected the plaintiff's argument that the collective action waiver is unconscionable because it prohibits employees from recovering compensation obtained by the Secretary of Labor in an action brought on behalf of employees pursuant to 29 U.S.C. § 216(c).  *Id*. at 33.  In rejecting this argument, the court held that the waiver, which bars the plaintiff from recovery from a class, collective, or representative action, bars an FLSA collective

action brought under 29 U.S.C. § 216(b).  *Id*. at \*34.  Because the right to bring a collective action under the FLSA is a right that can be waived, there is no substantive unconscionability in the waiver.  *Id*. (citing *Adkins*, 303 F.3d at 503 (finding "no suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute")).

Here, as the *Pomposi* court makes clear, the Agreement's class action waiver is not substantively unconscionable.  Because the Agreement contains a valid class action waiver, Boehringer respectfully requests that this Court grant this motion for judgment on the pleadings and dismiss Plaintiff's collective action allegations from her Complaint.

**B.      Class Action Waivers Do Not Violate Public Policy**

The Eleventh Circuit routinely upholds contractual class action waivers.  *See Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 877 (11th Cir. 2005) (holding a class action waiver valid and enforceable); *see also Caley*, 428 F.3d 1359 (upholding enforcement of class action waiver in case involving FLSA and discrimination claims); *Randolph v. Green Tree Fin. Corp.-Alabama*, 244 F.3d 814, 819 (11th Cir. 2001) (same, involving Truth in Lending Act claims); *Pomposi*, 2010 U.S. Dist. LEXIS 1819 (enforcing a class action waiver and dismissing an FLSA collective action); *La Torre*, 2008 U.S. Dist. LEXIS 99002 (holding that a class action waiver provision was not unconscionable).  Thus, because the class action waiver at issue is valid under public policy within this Circuit, and neither procedurally nor substantively unconscionable, the Court should grant this motion for judgment on the pleadings and dismiss Plaintiff's collective action allegations.

CONCLUSION

Because Plaintiff contractually agreed that she would not become a member of a class in any action against Boehringer relating to her employment, and because in breach of the Agreement Plaintiff now attempts to bring an action against Boehringer on behalf of a class of individuals, Boehringer's Motion For Judgment On The Pleadings should be granted.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 577-7600
Facsimile:   (305) 373-4466

/s/ Tasos C. Paindiris

William J. Anthony (*pro hac vice*)          Tasos C. Paindiris (Bar No. 41806)
David R. Golder (*pro hac vice*)             2 South Biscayne Blvd.
90 State House Square, 8th Floor             Suite 3500
Hartford, CT  06103                          Miami, FL 33131
Tel:  (860) 522-0404                         Tel:  (305) 577-7600
Fax:  (860) 247-1330                         Fax:  (305) 373-4466

Paul DeCamp (*pro hac vice*)
10701 Parkridge Boulevard
Suite 300
Reston, Virginia  20191
Tel:  (703) 483-8300
Fax:  (703) 483-8301

Counsel for Boehringer Ingelheim
Pharmaceuticals, Inc.

November 9, 2010

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Tasos C. Paindiris
Tasos C. Paindiris

<u>**SERVICE LIST**</u>

**Case No. 10-22398-CIV Ungaro/Simonton**
**United States District Court, Southern District of Florida**

Nanette Lopez-Lima Levi, Esq.
Florida Bar No.: 646679
Email: nlevi@forthepeople.com
Morgan & Morgan
6824 Griffin Road
Davie, Florida  33314
Telephone:  954-318-0268
Facsimile:  954-333-3515
ATTORNEY FOR PLAINTIFF

Tasos C. Paindiris, Esq.
Florida Bar No.:  41806
E-mail:  Tasos.Paindiris@jacksonlewis.com
Jackson Lewis, LLP
One Biscayne Boulevard
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Telephone:  305-577-7600
Facsimile:  305-373-4466

Paul DeCamp (*pro hac vice*)
10701 Parkridge Boulevard
Suite 300
Reston, Virginia  20191
Tel:  (703) 483-8300
Fax:  (703) 483-8301

William J. Anthony (*pro hac vice*)
David R. Golder (*pro hac vice*)
90 State House Square, 8th Floor
Hartford, CT  06103
Tel:  (860) 522-0404
Fax:  (860) 247-1330

ATTORNEYS FOR DEFENDANTS

4832-8487-7063, v. 1