UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  1:10-CV-22398-UNGARO/SIMONTON

GRACIELA PALACIOS , on her own
behalf and others similarly situated,

       Plaintiff,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., a
Foreign profit corporation.

       Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITIONS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff files its Motion to Compel 30(b)(6) Deposition, pursuant to Rules 30 and 37, and as grounds thereof states:

1. This case arises from Plaintiff's claims, pursuant to the Fair Labor Standards Act ("FLSA").

2. In the ordinary course of the prosecution of this matter, over a period of several months, Plaintiff has repeatedly attempted to secure the depositions of the Corporate Representatives of BOERINGER INGELHEIM PHARMACEUTICALS ("Defendant").

3. On November 4, 2010, Plaintiff first served Defendant with the 30(b)(6) Notice of Taking Deposition Duces Tecum.  A copy of the Notice of Taking Deposition Duces Tecum is attached hereto as **EXHIBIT A**.

1

4. In response, opposing counsel stated that the Corporate Representative will be located in Connecticut and that they would send us dates. A copy of the correspondence dated January 11, 2011is attached hereto as **EXHIBIT B**.

5. Thereafter, a deposition date for the Corporate Representative was not set, because Defendant had not provided all the documents responsive to the discovery requests, until December 22, 2010. A copy of Defendant's transmittal letter accompanying Defendant's Response to Plaintiff's First Request to Produce is attached hereto as **EXHIBIT C**.

6. Subsequently, since January, 2011, Plaintiff has requested dates on at least ten (10) different occasions from Defendant. *See* Emails attached hereto collectively as **EXHIBIT D**.[1]

7. After several attempts to set the depositions for February 18, 2011, unsuccessfully, on February 14, 2011, Plaintiff rescheduled the deposition to February 25, 2011, which is the current discovery deadline.

8. As of today, Defendant has indicated that they cannot and will not produce a corporate representative on that date, or on any date prior to the current discovery cut-off.

9. As such, Plaintiff consented to the filing of a Joint Motion to Extend Discovery. [D.E. 90].

---

[1] The undersigned acknowledges that there was a period when Defendant's counsel was awaiting an amended deposition notice, but the fact remains that Defendant has failed to produce corporate representatives for deposition within the discovery period.

10. However, Defendant has not provided possible future dates beyond the discovery cut-off, in the event the Court grants the Joint Motion for Enlargement of Discovery and Litigation Deadlines filed on February 16, 2011 [D.E.90].

11. Although Plaintiff believes that the parties will be able to agree on dates for the corporate representative depositions to be held if the parties Joint Motion is granted, Plaintiff files this instant Motion in an excess of caution to preserve the right to depose the Corporate Representatives, in the event that same is denied.

WHEREFORE, Plaintiff requests that the Court enter an Order compelling Defendant to provide deposition dates by Friday, February 25, 2011.

## CERTIFICATE OF GOOD FAITH

Plaintiff's counsel conferred with Defendant's counsel pursuant to the Local Rules in an effort to resolve this Motion prior to its filing, but the parties were unable to resolve same.

## MEMORANDUM OF LAW

### I. The Court Should Compel Defendants' Depositions.

A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). Fed. R.Civ. Pro. 30(a)(1), 26(a)(5). Also, a party may apply for an order compelling discovery by motion under Rule 37. Fed. R.Civ. Pro. 37(a)(2). In this case, Plaintiff seeks his rightful depositions of the Defendants. Thus, the Court should enter an Order compelling Defendants to appear for deposition(s) within the discovery period in this case. *See Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 2005 WL 5960933,

at *4 (S.D. Fla. Nov. 17, 2005)(granting Motion to Compel defendant's CEO's deposition, where defendant refused to appear for deposition until shortly before trial, despite the CEO's claims that he was "unavailable" because he was outside of the United States).

Defendant cannot dispute that they have failed and continue to fail to appear for depositions. Defendant has completely ignored the discovery rules as if compliance with the rules is optional. That failure alone warrants sanctions. *See* Fed. R. Civ. P. 37(a)(5).

Here, the Defendant has no excuse for their failure to appear for depositions – especially where the Plaintiff previously brought this matter to Defendants' attention and Defendant's refusal to appear for deposition persisted, necessitating the instant Motion. Accordingly, the Court should grant Plaintiff's instant Motion and compel Defendant's corporate representative(s) to appear at deposition.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court enter an order compelling Defendant to schedule the depositions of the Corporate Representative(s).

WHEREFORE, Plaintiff requests that the Court enter an Order compelling Defendants to provide deposition dates by February 25, 2011.

Dated: February 17, 2011

> Respectfully submitted,
>
> MORGAN & MORGAN, P.A.
> 6824 Griffin Road
> Davie, FL 33314
> Tel: 954-318-0268
> Fax: 954-333-3515
> E-Mail: **AFrisch@forthepeople.com**

4

                                                **/s/ ANDREW FRISCH**
                                                ANDREW FRISCH
                                                FL Bar No.: 27777

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the a true and accurate copy of the foregoing has been served on all parties using the CM/ECF system which I understand will send a notice of electronic filing, on this 17th day of February, 2011.

                                                **/s/ ANDREW FRISCH**
                                                ANDREW FRISCH