UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22398-Civ-UU

GRACIELA PALACIOS,

Plaintiff,
v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,

Defendant.
_____/

### ORDER ON MOTION FOR CONDITIONAL CERTIFICATION AND MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE is before the Court upon Plaintiff's Motion for Conditional Certification of this Case as a Collective Action (D.E. 60) and Defendant's Motion for Judgment on the Pleadings (D.E. 47).

THE COURT has considered the Motions[1] and the pertinent portions of the record and is otherwise fully advised in the premises.

### I. Background

The named Plaintiff has brought the instant action under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. §201 *et seq*. for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s alleged failure to pay overtime compensation. (Amended Complaint, D.E. 43, ¶ 17.) Plaintiff worked as a pharmaceutical sales representative ("Pharma Rep") for Defendant from July 2003 to August 2009. (*Id*. ¶ 15.)

Plaintiff moves to conditionally certify a collective action for "current or former pharmaceutical representatives (sales representatives, professional sales representative, specialty sales representative and senior specialty sales representative) who worked over forty (40) hours

---

[1] Defendant's arguments in favor of a judgment on the pleadings are incorporated into its Response in Opposition to Plaintiff's Motion for Conditional Certification. (D.E. 69 at 6.) Accordingly, the Court will address Defendant's Motion for Judgment on the Pleadings as it relates to the Motion for Conditional Certification.

in a workweek for Boehringer Ingelheim Pharmaceuticals, Inc. [during the past three years]." (D.E. 60-3 at 1.)  In response, Defendants argue that conditional certification is improper for the following reasons:  (I) Plaintiff signed a class action waiver, and thus cannot represent the putative class, (ii) Plaintiff fails to demonstrate that there are potential class members who desire to opt-in to this litigation, (iii) Plaintiff's motion is insufficiently supported by conclusory assertions that she and other employees are "similarly situated," and (iv) an individualized analysis is required to determine whether putative class members are exempt from the FLSA overtime provisions.  For the reasons described more fully below, the Court denies Plaintiff's Motion.

## II. Legal Standard

The FLSA authorizes collective actions against employers for unpaid minimum wage and overtime compensation.  29 U.S.C. § 216(b).  Specifically, section 216(b) provides that an action "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  *Id.*  Thus, for an opt-in class to be created under section 216(b), a named plaintiff bears the burden of demonstrating that he or she is suing on behalf of himself or herself and other "similarly situated employees."  *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218-19 (11th Cir. 2008).[2]  The burden is not a heavy one, but the plaintiff must show with "*detailed allegations* supported by affidavits, which successfully engage defendant's affidavits to the contrary," that there is a "reasonable basis" for his claim that there are other similarly situated employees.  *Anderson v. Cagle's Inc.,* 488 F.3d 945, 953 (11th Cir. 2007) (citation and quotation omitted) (emphasis added).

The Eleventh Circuit has not precisely defined "similarly situated" but has stated that district court judges should satisfy themselves that (i) there are other employees that desire to

---

[2] Although *Hipp* involved a collective action brought under the Age Discrimination and Employment Act of 1967, the Eleventh Circuit adopted its "similarly situated" analysis in the FLSA context.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 n.37.

"opt-in," and (ii) that those same employees are similar with respect to their job requirements and pay provisions. *Morgan,* 551 F.3d at 1259-60 (citation omitted). The decision to create an opt-in collective action remains "soundly within the discretion of the district court." *Hipp,* 252 F.3d at 1219.

### III. Discussion

#### A. Waiver

Before assessing whether Plaintiff and the putative class members are "similarly situated" the Court will determine if Plaintiff can even serve as the class representative.

**1. Applicability of the Waiver**

Defendant contends that Plaintiff executed a Separation Agreement and General Release ("Separation Agreement") (D.E. 46-1) in which she waived her right to serve as a member or representative of a class in any action against Defendant relating to her employment ("Waiver"), and thus her Motion for Conditional Certification fails. Plaintiff argues that the Waiver does not bar her from serving as a representative in a collective action. The Waiver, which is governed by Connecticut law, provides, in pertinent part:

> Employee further *waives and gives up any right* to become, and *promises not to consent* to become, a *member of any class* in a case in which claims are asserted against the Company that are related in any way to the Employee's employment or the termination of Employee's employment with the Company. If, without Employee's prior knowledge or consent, Employee is made a *member of a class* in any proceeding, Employee agrees to opt-out of the class at the first opportunity.

(D.E. *Id.* at 4.) (emphasis added). The parties disagree about whether the language of the Waiver precludes Plaintiff from serving as a member and representative in only a class action brought under the Fed. R. Civ. P. ("Rule") 23 or whether it also precludes her from a FLSA §216(b) collective action. Plaintiff argues that the plain language of the Waiver – "member of any class"– indicates that she is disallowed only from participating in Rule 23 *class* actions but not §216(b) *collective* actions. Defendant argues that the Waiver bars Plaintiff from becoming part of any class and is not specifically limited to Rule 23 classes.

3

The Court agrees with Defendant. Under Connecticut law, courts interpret contracts in a way that gives effect to all parts of the contract rather than just isolated portions. *See Hilb Rogal & Hobbs Co.v. Randall*, 115 Conn. App. 89, 86 (Conn. App. Ct. 2009). Thus, the Court will not analyze the meaning of the phrase "member of any class" in a vacuum, but rather consider the meaning of the phrase as it relates to the Waiver as a whole. The Waiver states that Plaintiff "waives and gives up the right" to become a member of any class. In Rule 23 class actions, putative members are automatically part of the class unless they opt-out or affirmatively *waive* or *give up* their right. *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). Accordingly, the "waives and gives up right" language applies to Rule 23 class actions. If that was the only language in the Waiver, the Court may have agreed with Plaintiff that the Waiver is intended to preclude only Rule 23 class actions. But the Waiver also states that the signatory "promises not to consent" to becoming a member of a class. In FLSA §216(b) collective actions, a putative class member is not automatically a member of a class, rather she must opt-in or *consent* to becoming a member. *Id.* Thus, the "promises not to consent" language of the Waiver encompasses FLSA collective actions. Accordingly, by signing the Separation Agreement and Waiver, Plaintiff waived her right to become a member and representative of a class in both a Rule 23 class action and a FLSA §216(b) collective action related to her employment or termination of her employment.

**2. Enforcement of the Waiver**

Plaintiff argues that even if the Waiver bars her participation in a collective action, it is procedurally and substantively unconscionable, and thus, it is unenforceable. A contract is procedurally unconscionable if there were bargaining improprieties in its formation. *Emlee Equip.and Leasing Corp. v. Waterbury Transmission, Inc.*, 31 Conn. App. 455, 463 n. 12 (1993). Plaintiff contends that the Waiver is procedurally unconscionable, because it was obscurely worded and buried "at the bottom of page four (4) of a nine (9) page Severance Agreement." (D.E. 57 at 6.) The Court does not find that the wording and placement are obscure enough to

render it unconscionable. Moreover, Plaintiff incorrectly relies on *Skirchak v. Dynamics Research Corp.,* 508 F.3d 49 (1st Cir. 2007) to argue that the Waiver is buried in fine print. In *Skirchak*, the agreement at issue comprised of an email, a memorandum, a Program description, and three appendices, totaling over thirty-five pages, and the contested clause appeared in fine print in the second appendix. *Id*. at 53. Here, the Waiver is part of an agreement that is only nine pages long, and it is of the same font type and size as the other clauses in the agreement. Thus, the Waiver is not hidden or otherwise obscure enough to render it procedurally unconscionable.

Plaintiff contends that the Waiver is substantively unconscionable because it "prevents Plaintiff...from engaging in protected concerted activity in violation of Section 7 of the National Labor Relations Act ("NLRA"), [29 U.S.C. §§151–169]."[3] (D.E. 57 at 6.) Plaintiff relies on the NLRB's Guideline Memorandum ("NLRB Memo"), which states that it is unlawful under the NLRA for an employer to condition employment on an employee waiving his or her right to engage in a concerted activity, including participating in a class or collective action. (D.E. 57-1 at 3.) Plaintiff's reliance on the NLRB Memo is misplaced. As Defendant correctly points out, the Court has no jurisdiction to decide whether there has been violations of the NLRA. *See Taylor v. Nat. Labor Relations Board*, 786 F.2d 1516, 1520 (11th Cir. 1986) ("[T]he NLRB has a statutory duty to enforce the National Labor Relations Act and exclusive jurisdiction to decide unfair labor practices."). Since Plaintiff's sole argument for why the Waiver is substantively unconscionable hinges on Defendant's alleged unfair labor practices and violation of the NLRA,

---

[3] Section 7 states that

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158 (a)(3) of this title.

29 U.S.C. § 157.

the Court has no jurisdiction to decide whether the Waiver is substantively unconscionable.

Assuming *arguendo* that the Court has jurisdiction, Plaintiff's contention still fails. The NLRB Memo states that "an employer's conditioning employment on an *employee*'s waiving his or her right to engage in concerted activity would violate fundamental *employee* rights" under Section 7 of the NLRA. (D.E. 57-1 at 4) (emphasis added). Section 7 clearly sets forth the rights of employees. In this case, the Separation Agreement is between an employer and its former employee, because it arose as part of Plaintiff's termination of employment. Thus, by signing the Separation Agreement, Plaintiff did not agree to any condition of employment, rather she agreed to waive certain rights as a condition of accepting severance pay. Accordingly, Section 7 does not apply. Moreover, even if former employees somehow came within the purview of Section 7, the NLRB Memo itself concludes that a class or collective action waiver does not *per se* violate Section 7. The memo states that "courts have upheld an individual's waiver of the right to seek class action relief both in arbitration and in court so long as the court is satisfied that the class action relief is not essential to the vindication of the particular substantive law at issue." (*Id*. at 5.) Here, Plaintiff most certainly has an opportunity to litigate and win her individual claim for overtime under the FLSA § 207; she does not need to be part of a class to do that.

In sum, the Waiver is fully enforceable, and it precludes Plaintiff from serving as a class representative in a collective action. For this reason alone, the Court will deny Plaintiff's motion for conditional certification. Nonetheless, the Court will now address the other reasons for denial.

**B. Desire to Opt-In**

As already stated, to obtain conditional certification, the named plaintiff must demonstrate that she and the putative class members are "similarly situated." *Hipp,* 252 F.3d at 1218–19. To demonstrate that she and the putative class members are "similarly situated," the named plaintiff must show that there are other employees or former employees that desire to "opt-in. *Morgan,* 551 F.3d at 1259-60. The plaintiff "may present evidence of other employees who desire to opt-in via affidavits, consents to join the lawsuit, or expert evidence on the

6

existence of similarly-situated employees." *White v. KcPar, Inc.*, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006). However, a plaintiff's or counsel's belief in the existence of other employees who may desire to opt-in is insufficient to justify notice to a potential class. *Id.* In addition, "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice." *Mackenzie v. Kindred Hospitals East, LLC,* 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

Here, Plaintiff fails to demonstrate that other potential class members wish to participate in this litigation.[4] Plaintiff states the following in her declaration: " I have spoken to multiple other former [sic] Rep employees throughout the state of Florida...who advised that, if given formal notice in this case, they would opt-in...." (D.E. 60-1.) However, out-of-court statements that other employees wish to opt-in is inadmissible hearsay. *See Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (holding that plaintiff failed to demonstrate other plaintiffs exist who want to opt-in when only evidence was that plaintiff spoke to employees who stated that they would join the suit); *Bosh v. Title Max, Inc.*, 2004 WL 5238128, at * 3 n. 6 (N.D. Ala. 2004) ("[P]laintiff would present these out of court statements as proof of the fact of what they assert, namely, that other employees wish to opt-in the suit. Plaintiffs suggest no exception to the hearsay rule into which these out of court statements might fit, and therefore, none are considered."). Likewise, the other two declarants fail to demonstrate that other employees or former employees wish to become class plaintiffs. They merely offer their unsupported belief that other employees may join the suit.[5] Anticipation and belief are insufficient to demonstrate that others desire to opt-in. *See Louis-Charles v. Sun-Sentinel Co.*, 2008 WL 708778 (S.D. Fla. Mar. 14, 2008) (holding that plaintiff's "anticipation" is merely his

---

[4] The Court notes that to date, no one other than Plaintiff has opted in to this action.

[5] Plaintiff attaches five exhibits to her Reply. These five exhibits violate Southern District of Florida Local Rule 7.1 (c), which provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." S.D. Fla. L.R. 7.1 (c). Here, Plaintiff's exhibits are new evidence and consequently, new arguments. *See Klein v. FLP Group, Inc.*, 2004 U.S. Dist. LEXIS 919 * 13 n. 22 (S.D. Fla. Jan. 20, 2004). Accordingly, the Court will strike these exhibits and not consider them in determining whether or not Plaintiff and the putative class members are similarly situated.

own opinion and, therefore, insufficient to certify the class). Accordingly, Plaintiff fails to present evidence that other employees or former employees desire to opt-in.

C. **Similarity in Job Requirements and Pay**

In addition to demonstrating that there are other employees desiring to opt-in, the plaintiff must also demonstrate that the employees are "similarly situated" with respect to their job requirements and pay provisions. *Morgan,* 551 F.3d at 1259-60.

1. **Similarity in Job Requirements**

Plaintiff argues that "all Pharma Reps" are similarly situated because they "performed the primary duty of meeting medical professionals in an assigned territory and providing [sic] them with Boehringer products information in order to encourage the medical professionals to prescribe Boehringer products to their patients." (D.E. 60 at 5.) For support, Plaintiff submits three declarations, each containing the exact same factual statements regarding the "pharmaceuticals representatives' " duties and a statement that "I and others similar to me, worked in excess of forty (40) hours but was never paid proper overtime wages." (*See* D.E. 60-2.)

Defendant contends that Plaintiff's conclusory assertions are insufficient to assert that other sales representatives have similar job requirements. The Court agrees. A plaintiff must make "substantial" and "detailed" allegations supported by affidavits to satisfy the "similarly situated" element. *See Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). Federal courts routinely decline to certify collective action when the plaintiff's assertions are conclusory or lack evidentiary foundation. *See, e.g., Haynes v. Singer*, 696 F.2d 884, 887–88 (11th Cir. 1983)*; Ulysee v. Divosta Bldg. Corp.,* 2006 WL 3618449, at * 2 (S.D. Fla. Dec. 7, 2006); *Trinh v. JP Morgan Chase & Co.,* 2008 WL 1860161, at * 4 (S.D. Cal. Apr. 22, 2008) ("[P]laintiffs provide no real evidence, beyond their speculative beliefs, suggesting that all JP Morgan loan officers...receive the same compensation and are required to work in the same manner"). In *Silverman v. SmithKline Beecham Corp.*, another putative collective action involving pharmaceutical representatives, the court adopted the Eleventh Circuit's standard for conditional certification as articulated in *Dybach v. Fla. Dept.of Corrections,* 942 F.2d 1562, 1567 (11th Cir.

1991) and denied the plaintiff's motion for conditional certification where the plaintiff presented nine declarations. 2007 U.S. Dist. LEXIS 80030, at * 5, 8 (C.D. Cal. Oct. 15, 2007). The Court in *Silverman* held that the plaintiff presented a "narrow, potentially unrepresentative sample in support of a broad conclusion." *Id*. Here, Plaintiff attaches three almost identical, cut-and-paste declarations. *See id.* at * 7 n. 5 ("The Court strongly disapproves of the use of boilerplate attorney-drafted declarations"). Moreover, Plaintiff urges the Court to certify a class based on identical statements in each of their declarations that "[b]ased on my observations and experience as described, *I believe* that all other Boehringer Reps are principally engaged in the same core work that I was...[and that] I had conversations with other Reps about common job activities, common situations we dealt with on a day-to-day basis, common issues that rose, and common types of supervision and work direction we received." (Palacios Decl., D.E. 60-1, ¶¶ 41, 45; De Leon Decl., D.E. 60-2, ¶¶ 42, 45; Thomas Decl., D.E. 60-2, ¶¶ 42, 45) (emphasis added). Assertions based on "beliefs" and "conversations" are conclusory and provide no meaningful details, thus they fall short of the "substantial" and "detailed" allegations necessary to satisfy the "similarly situated" element. *See, e.g., Hampshire v. Port Arthur Indep. Sch. Dist*., 2006 U.S. Dist. LEXIS 88874, at * 13–14 (E.D. Tex. Dec. 7, 2006) ("[T]he nearly identical statements in the affidavits that affiants have personal knowledge of other potential plaintiffs who are similarly situated are insufficient for the court to find that such plaintiffs exist").[6]

**2. Similarity in Pay**

Plaintiff also states that she and other Pharma Reps were subjected to similar illegal pay practices because Defendant improperly classified them as exempt under the FLSA, and thus, Defendant failed to pay them overtime for all hours worked over forty. (*See* D.E. 60 at 5.)

---

[6] Plaintiff cites several cases in which the courts granted conditional certification of a nationwide class of Pharma Rep employees, finding that the defendants' argument regarding the differences in Pharma Reps' job duties was improperly raised in the conditional certification stage of the litigation. *See, e.g., Heldman v. King Pharmaceuticals, Inc*., 2010 WL 46764 (M.D. Tenn. Feb. 2, 2011); *Jirak v. Abbott Laboratories, Inc.*, 566 F.Supp.2d 845 (N.D. Ill. 2008); *Delgado v. Ortho-McNeil*, 2007 WL 2847238, at *3 (C.D. Cal. Aug. 6, 2007). None of these cases, however, questioned the sufficiency of the evidence the plaintiffs submitted to support their argument that Pharma Reps are similarly situated. Here, the quality and sufficiency of Plaintiff's evidence is at issue. The Court is unable to even arrive at a determination of whether the former Pharma Reps were similarly situated because the declarations that Plaintiff submits are insufficient. Accordingly, the cases Plaintiff cites are inapplicable.

Plaintiff argues that Defendant's classification practices are a common policy that violated the law and adversely affected her rights and the rights of each member of the putative class, and thus, she and the putative class members are similarly situated. (*Id*. at 11.) However, as Defendant correctly points out, a defendant's policy and practice of classifying a group of employees as exempt is not a basis for proceeding collectively. *See, e.g., Colson v. Avnet, Inc.*, 687 F.Supp. 2d 914, 925 (D. Ariz. 2010) (denying conditional certification and noting that "[a]s a matter of both sound public policy and basic common sense, the mere classification of a group of employees – even a large or nationwide group – as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes."); *Silverman*, 2007 U.S. Dist. LEXIS 80030, at * 8 (applying Eleventh Circuit standard for FLSA class certification and denying certification despite allegations that Pharma Reps have the same primary job duties and were improperly classified by defendants as exempt).

**D.  Amenability to Generalized Evidence**

In addition to determining whether there are other employees that desire to "opt-in," and whether the employees are similar with respect to their job requirements and pay provisions, courts also assess whether the plaintiff's claims are amenable to generalized evidence. *See Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 219 (D. Conn. 2003) (denying motion to proceed collectively and noting that "the court must be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in this case.").

The crux of Plaintiff's conditional certification argument is that Pharma Reps have similar duties and that Defendant unlawfully classified them as "exempt" employees, and thus Defendant owes them overtime for time worked over forty hours. Defendant argues that whether or not an employee is "exempt" under FLSA involves an analysis of each individual Pharma Rep's daily duties and compensation and whether each meets several statutory and administrative exemptions.

If the ultimate issue to be determined is whether the Defendant properly classified each

employee as exempt under the FLSA, the "similarly situated" inquiry must include an analysis of the nature of each putative plaintiff's job duties. In this case, whether a Pharma Rep is "exempt" necessarily involves a fact-by-fact inquiry into the circumstances of his or her employment to assess if he or she falls within an exemption. Plaintiff has not put forth any arguments suggesting that she and the putative class will rely on common evidence to prove that each putative plaintiff is due overtime because he or she falls outside every relevant exemption. Other courts analyzing complex litigation concerning whether Pharma Reps were exempt have concluded that the need for individual evidence makes a class or collective action an unwieldy method for determining the rights of litigants. *See, e.g., Silverman Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 U.S. Dist. LEXIS 93215 (D.N.J. Dec. 18, 2007), at *12 ("While the Court need not reach the merits of these exemption arguments at this point, these differences between various [Pharma Reps'] descriptions of their job responsibilities and duties show that status under the FLSA may vary among plaintiffs and potential collective action members."). Contrary to Plaintiff's arguments otherwise, here, the Court is not opining whether Plaintiff or any other Pharma Rep has meritorious claims to overtime compensation; rather, the Court is examining the legal backdrop and type of evidence required to prove whether *any* employee is exempt or not. Because of the individualized evidence and inquiries involved, this suit should not proceed as a collective action.

### IV. Conclusion

It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Conditional Certification (D.E. 60) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion for Judgment on the Pleadings (D.E. 47) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of April 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE