UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22398-CIV-TORRES

CONSENT CASE [1]

GRACIELA PALACIOS,

    Plaintiff,

vs.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Defendant's Motion for Permission to Take Interlocutory Appeal From Order Denying Summary Judgment and Granting Partial Summary Judgment (D.E. 150), which was filed on July 20, 2011 and is now fully briefed. For the reasons that follow, Defendant's motion is **DENIED.**

*I. BACKGROUND*

Plaintiff Graciela Palacios, a Pharmaceutical Sales Representative ("PSR"), filed a complaint against her employer, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") on July 21, 2010. (D.E. 1). Plaintiff claims that

---

[1] The parties have stipulated to the full exercise of jurisdiction by the undersigned Magistrate Judge to conduct any and all further proceedings in this case, including trial. (D.E. 146).

Boehringer failed to pay her overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Throughout her employment, Boehringer classified Plaintiff as exempt from the overtime requirements of the FLSA under either the outside sales or administrative exemption, and did not pay Plaintiff additional compensation in excess of her regular pay for any time she worked beyond 40 hours a week.

On March 25, 2011, both parties filed motions for summary judgment. Boehringer argued that Plaintiff is exempt from receiving overtime under either the outside sales or the administrative exemption of the FLSA. (D.E. 103). Plaintiff contended that she does not qualify for either of the overtime exemptions. She also moved for summary judgment on the issues of liquidated damages and statute of limitations. (D.E. 109).

On July 11, 2011, the Court entered an Order on Summary Judgment. (D.E. 143). An amended order was entered on July 15, 2011 (D.E. 145), which denied Boehringer's motion for summary judgment, and granted in part and denied in part Plaintiff's motion for summary judgment. The Court determined that, as a matter of law, neither the outside sales nor the administrative exemption applied to Plaintiff.

Regarding the outside sales exemption, the Court held that "[p]laintiff's inability to transfer ownership of any one of the drugs she was responsible for in exchange for money, her inability to take a purchase order for any of the drugs, and her inability to obtain a binding commitment from physicians to prescribe a drug"

made her unable to perform a "sale" and thus not exempt under the FLSA outside sales exemption. (D.E. 145).

Regarding the administrative exemption, the Court held that Plaintiff was not exempt because there was no evidence in the record that Plaintiff's job was directly related to the management or general business operations of the company, or that her responsibilities included the exercise of discretion and independent judgment with respect to matters of significance. (D.E. 145). The Court also determined that the statute of limitations issue will go to the jury, and that liquidated damages will be assessed at the conclusion of the trial. (D.E. 145). Judge Ungaro then transferred the case upon the parties' consent.

In light of the summary judgment Order that is now of record in the case, the remaining task is to set the case for trial on the damages and statute of limitations issues. A set trial date has been agreed to and set on the Court's trial calendar for January 9, 2012. Nevertheless, pursuant to 28 U.S.C. § 1292(b), Boehringer now seeks interlocutory appeal on two issues. The first is "[w]hether Plaintiff's job duties as a pharmaceutical sales representative fall within the Fair Labor Standards Act's outside sales exemption." The second issue is "[w]hether Plaintiff's job duties as a pharmaceutical sales representative fall within the Fair Labor Standards Act's administrative exemption." (D.E. 150). Plaintiff filed a Response in Opposition on August 16, 2011. (D.E. 157). In turn, Boehringer filed a Reply in Support of its Motion for Interlocutory Appeal on August 25, 2011. (D.E. 158).

## II. ANALYSIS

Under § 1292(b), an interlocutory appeal is appropriate when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eleventh Circuit has established that there is a strong presumption against interlocutory appeals, calling them a "rare exception." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). In *McFarlin*, the court expounded upon the requirements of § 1292(b) in order to set forth "general principles about when we should exercise our discretionary authority under this important statute." *Id.* at 1256.

### A.   *Controlling Question of Law*

The Court in *McFarlin* distinguished between questions of law and questions of fact. If "the controlling questions are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal." *Id.* at 1258 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991)). Questions of law are not "any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." *McFarlin,* 381 F.3d at 1258. Instead, interlocutory appeals are only appropriate when it is "more of an abstract legal question." *Id.*

The Court determines that the issues presented in Boehringer's motions are not controlling questions of law appropriate for interlocutory appeal because they

are fact-intensive and cannot be easily decided without a material review of the record. They do not present abstract legal questions. Even if Boehringer is correct in its argument that there is disagreement between the circuits regarding PSR exemptions under the FLSA, the Eleventh Circuit could not easily make a decision without sifting through the particular facts of this case and others on the issue. Therefore, Boehringer fails to present controlling issues of law as required by § 1292(b).

Undoubtedly, the facts are in some respects undisputed when it comes to the general contours of the PSR position. But the Court's review of the record and Judge Ungaro's summary judgment Order reveals that important factual distinctions could be drawn to distinguish this case from the cases relied upon by Boehringer. Even if those distinctions are slight or nuanced, they would still require the Court to examine this factual record just as closely as if the appeal arose from final judgment. As a result, the Court is hesitant to certify the question because the Court of Appeals clearly prefers to engage in that type of analysis, especially on summary judgment, in one plenary fashion. It is clear that this is not the type of "rare exception" that the Court of Appeals was imagining as the type of case suitable for interlocutory appeal.

### B.   *Substantial Ground for Difference of Opinion*

The Eleventh Circuit has clarified that substantial ground for difference of opinion does not exist when its agreement with the district court is "complete and

unequivocal." *Burrell v. Bd of Trs. of Ga. Military Coll.,* 970 F.2d 785, 78 (11th Cir. 1992). There is certainly a possibility that the Court of Appeals will reach that result here given the strength of Judge Ungaro's analysis.

On the other hand, Boerhinger makes a persuasive case why there is substantial ground for difference of opinion on both issues raised in the motion. Boerhinger has identified two circuit court opinions which address the issues differently than this Court. The Ninth Circuit reached the opposite conclusion on the issue of whether PSR's fall within the FLSA's outside sales exemption, as did the Third Circuit regarding the issue of the administrative exemption. *Christopher v. SmithKline Beecham Corp.,* 635 F.3d 383 (9th Cir. 2011); *Smith v. Johnson & Johnson,* 593 F.3d 280 (3d Cir. 2010). Further, Boehringer identified several lower court opinions which address the issues differently than this court. (D.E. 105).

Thus, Boehringer is not altogether wrong and there may be substantial ground for difference of opinion here. However, satisfying this requirement, on its own, is not enough to make these issues suitable for interlocutory appeal, particularly in light of the strong presumption against the use of § 1292(b). The difference of opinion must be grounded on purely a question of law. But this dispute is, despite its common features with the other cases, still based on a fact-driven analysis that may be unique to the case.

Moreover, though it would have been more appropriate for Boehringer to raise this motion before the Judge who granted the summary judgment Order,

rather than the Judge who inherited the case on the parties' consent under 28 U.S.C. § 636, having been asked to look at this issue in the first instance the Court concludes that Judge Ungaro's Order is far more in line with the weight of authority from other jurisdictions than Boehringer suggests, especially considering that the burden of establishing an exemption is on Boehringer. The Ninth Circuit's analysis in *Christopher* seems to run at odds with how the Eleventh Circuit has interpreted exemptions under the FLSA in the past. Moreover, the fact that no *binding* sales or contractual arrangements are ever consummated after a PSR visits a physician seems antithetical to the application of the sales exemption.

Thus, we are not anywhere near as confident as Boehringer is that the Eleventh Circuit would reach a materially different result than Judge Ungaro's Order requires. Nevertheless, we recognize that our tentative agreement with Judge Ungaro is not dispositive of the pending motion. But it certainly presents another obstacle to our certification to the Court of Appeals that a substantial ground for a difference of opinion exists given this record.

In sum, we conclude that given the need for the application of record facts to these statutory and regulatory provisions, the absence of a true abstract question that does not require review of those facts, and the less than compelling case for a substantial ground for difference opinion, this case is not suitable for interlocutory appellate review.

### C. *Materially Advance the Ultimate Termination of the Litigation*

The final requirement of § 1292(b) is that the interlocutory appeal "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). According to *McFarlin*, this "means that resolution of a controlling legal issue would serve to avoid a trial or otherwise substantially shorten the litigation." Here, the case is ready for what will likely be a brief trial addressing the damages and statute of limitations issues. Following the trial, Boehringer will have an opportunity to appeal all issues together, rather than in a piecemeal fashion. The Court determines that proceeding expeditiously to trial is the best way to advance the ultimate termination of the litigation.

### III. CONCLUSION

In light of the strong policy against interlocutory appeals and having considered the requirements of § 1292(b), it is hereby **ORDERED** that Defendant"s Motion for Permission to Take Interlocutory Appeal From Order Denying Summary Judgment and Granting Partial Summary Judgment (D.E. 150) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of September, 2011.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge